UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK WAYNE ANDERSON, | Civil No.      1:23-cv-00316-DCN |
| Petitioner, | Criminal No.  1:21-cr-00089-DCN |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Pending before the Court is Petitioner Patrick Wayne Anderson's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. 1. The Government opposed the Motion. Dkt. 4. Anderson did not reply.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court DENIES Anderson's Motion.

## II. BACKGROUND

On February 19, 2021, Anderson was driving a vehicle in Caldwell, Idaho, when a concerned citizen called the police to report Anderson as a potential drunk driver. Anderson

was subsequently located by police, sitting in a parked car. One officer asked Anderson to exit the car in order to conduct a DUI investigation. As Anderson complied, the officer noticed an empty pistol holster attached to Anderson's waistband.

While performing the DUI investigation, the officers spotted drug paraphernalia inside the driver's door pocket, creating a reasonable suspicion that Anderson had drugs in the vehicle. The officers called a drug-sniffing dog, which confirmed the officers' suspicions. Upon a search of the car, officers located a safe containing significant amounts of methamphetamine, fentanyl, marijuana, plastic baggies, a scale, and a receipt from a WinCo store in Richland, Washington. Officers also found a .45 caliber pistol in the center console immediately next to where Anderson was seated.

Anderson denied ownership of the car, the gun, and the safe. He claimed to be driving to Idaho but could not provide a clear purpose for doing so, nor a specific destination. He claimed further that his holster was for carrying a BB gun.

Uncompelled by his assertions, the officers arrested Anderson and booked him into Jerome County Jail. While in jail, Anderson asked a friend via phone call to modify his holster to ensure that a .45 pistol could not fit inside. In a separate call, he admitted to another friend that once he starts using drugs, he quickly descends into "slangin and bangin,"—or selling drugs to others.

Anderson was ultimately charged with one count of possession with intent to distribute methamphetamine and fentanyl, one count of unlawful possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. In December 2021, Anderson moved to suppress evidence seized from the vehicle during the

stop. After a hearing, the Court denied his motion. The next month, Anderson accepted a plea agreement, wherein he agreed to plead guilty to possession with intent to distribute and to waive his rights to appeal his sentence, and the Government agreed to drop the other charges. The parties jointly agreed to recommend a sentence of eighty-four months of imprisonment. On January 10, 2023, the Court imposed the recommended sentence.

Anderson now claims he received ineffective assistance of counsel during his pre-trial proceedings, asserting that: (1) he instructed his defense counsel to file an appeal after his suppression motion was denied, (2) he and his defense counsel discussed appealing after his sentencing hearing, and Anderson expected an appeal to follow, and (3) his defense counsel failed to investigate potential defenses related to his gun and drug charges and his access to the safe. *See generally* Dkt. 1.

### III. LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

Title 28 U.S.C. section 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence is otherwise "subject to collateral attack." § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case

that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a section 2255 case when a prisoner's credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record." *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)). A court may dismiss a section 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes Following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 and Rules Governing Section 2255 Proceedings. If a court does not dismiss the proceeding, the court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

### B. Ineffective Assistance of Counsel

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under section 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a § 2255 movant must meet the widely known two-part test: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

To establish deficient performance, the movant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the movant must prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In other words, a movant must make a showing sufficient to undermine a court's confidence in the outcome. *Id.*

Informed, strategic choices by counsel are "virtually unchallengeable." *Id.* at 689–90. Courts approach strategic choices with high levels of deference because it is "too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," and the court must "eliminate the distorting effects of hindsight." *Id.*

On the other hand, "a lawyer who disregards specific instructions . . . to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). This is true even if any potential appeal would be meritless and even if appealing is circumscribed by a defendant's plea agreement. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005).

A claim of ineffective assistance of counsel may be rejected on either the deficiency or prejudice prong, and a court need not address both. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

# IV. ANALYSIS

## A. Failure to Appeal

When a defendant asks his or her defense counsel to file an appeal, counsel must do so, even if doing so goes against counsel's better judgment.[1] *Sandoval-Lopez*, 409 F.3d at 1199. However, there is a difference between a defendant discussing an appeal with his defense counsel and a defendant instructing his defense counsel to file the appeal. As the Ninth Circuit made clear in *Sandoval-Lopez*, "[m]ere expression of interest in appealing [does] not lead to the same result as telling defense counsel to appeal." *Id.* at 1198.

Here, Anderson claims that he had two discussions with his defense counsel, Mark Ackley, regarding appeals. Dkt. 1-1, at 8. In the first, which occurred after the Court denied Anderson's Motion to Suppress, Anderson claims he directly instructed Ackley to appeal the Court's decision. *Id.* The second discussion allegedly took place after Anderson's sentencing hearing. *Id.* However, regarding that discussion, Anderson claims only that he and Ackley conversed about his desire to appeal—*not* that he gave specific instructions that an appeal be filed.

Ackley has filed an affidavit with the Court, disputing Anderson's version of the foregoing events. With regards to the first discussion, Ackley states that neither he, nor his co-counsel, has any recollection of Anderson requesting an appeal, nor is such a request present in their notes from communications with Anderson. Dkt. 4-1, at 4. Regarding the

---

[1] "[T]he client has the constitutional right, under *Flores-Ortega* and *Peguero*, to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush." *Sandoval-Lopez*, 409 F.3d at 1199.

second discussion, Ackley acknowledges that during plea negotiations, he and Anderson regularly talked about appeals and appellate waivers. *Id.* at 5. Ackley asserts that had Anderson requested an appeal be filed after his sentencing hearing, Ackley would have reminded Anderson of the appeal waiver in his plea agreement. *Id.* However, had Anderson insisted, Ackley states he would have filed an appeal, and argued that Anderson's waiver was somehow invalid, as his office has previously done on rare occasions. *Id.*

### 1. Appeal of Sentence

Considering the foregoing, the Court can easily dispatch with Anderson's ineffective-assistance-of-counsel claim arising out of the post-sentencing discussion. Anderson does not assert that he instructed Ackley to file an appeal of his sentence. Instead, Anderson states that he and Ackley discussed his interest in appealing. This assertion is supported by Ackley's affidavit.  However, as mentioned previously, discussion of interest in an appeal does not impose the same duties on defense counsel as does expressly requesting an appeal. *See, e.g.*, *Sandoval-Lopez*, 409 F.3d at 1198.

In the absence of explicit direction to file an appeal, the Supreme Court has made clear that defense counsel's behavior is deficient under the first prong of *Strickland* if he or she fails to file an appeal when: "(1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) . . . this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. When addressing these questions, a defendant's guilty plea is "highly relevant," as are whether a defendant "received the sentence bargained for . . . and whether the plea expressly reserved or waived some or all appeal rights." *Id.* Under the

prejudicial effect prong, a counselor's failure to timely file an appeal is prejudicial if a defendant can show "nonfrivolous grounds for appeal or that [he or she] promptly expressed a desire to appeal." *Id.* at 485; *Sandoval-Lopez*, 409 F.3d at 1196.

While the record indicates that Anderson may have expressed some interest in appealing after his sentencing hearing, there is no evidence that he ever made a clear request for appeal to Ackley. Thus, this case is governed by *Flores-Ortega*. The record also clearly indicates that Anderson knowingly and voluntarily waived his appeal rights in his plea agreement. Further, Anderson received the exact sentence he bargained for in exchange for his guilty plea. Thus, on balance, the Court cannot find that Anderson made a reasonable demonstration of interest in appealing and, therefore, it cannot find that Ackley's conduct was deficient by failing to file an appeal.

### 2. Appeal of Order Denying Motion to Suppress

The alleged discussion that occurred after the Court denied Anderson's suppression motion presents a somewhat thornier issue.

Anderson asserts that after his suppression motion was denied, he told Ackley to file an appeal. Dkt. 1-1, at 8. Ackley denies this in his sworn affidavit. Dkt. 4-1, at 4. The Ninth Circuit has held that if there is a dispute between the parties as to whether a petitioner did or did not ask his trial counsel to file an appeal, the district court is required to hold an evidentiary hearing. *Sandoval-Lopez*, 409 F.3d at 1198; *see also United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000). As a result, it has become common practice in the Ninth Circuit for district courts, when faced with a situation like the one currently before the Court, to grant the Government two options. It can either: (1) continue

its opposition to the petitioner's claim and the Court will hold an evidentiary hearing to determine whether the petitioner's allegation is true, or (2) stipulate to the truthfulness of the petitioner's claims and allow him or her to appeal. *See, e.g.*, *Castillo v. United States*, 2019 WL 6178682 (D. Idaho Nov. 19, 2019); *Islas-Galeana v. United States*, 2012 WL 1165886 (D. Arizona Apr. 9, 2010).

However, neither of those two traditional options leads to a satisfying, nor an efficient, resolution of the present controversy. On the one hand, if the Government opts to continue its opposition to Anderson's petition, the Court will be required to bring both parties before the bench to testify regarding their discussions. Considering that both parties have *already* submitted to the Court their respective versions of the events in question, bringing them back into court to give testimony that will almost certainly parrot their briefing seems to be an unwarranted waste of judicial resources. This is particularly true where one party (Anderson) has made an unsupported claim that he told his counsel to appeal, and the other party (the Government) has submitted an affidavit fully addressing and dismantling that claim. If a criminal defendant can force a hearing by doing nothing more than filing a document claiming he told his counsel to appeal, district courts will be forced to spend untold amounts of time weeding through frivolous hearings.

Further, assuming *arguendo* that Anderson produces sufficient evidence to establish that he requested an appeal of the Court's decision regarding his suppression motion, what comes next? Anderson, presumably, would be allowed to file an appeal with the Ninth Circuit. However, the saga of *Castillo v. United States* demonstrates why such a filing would be an exercise in futility. 2019 WL 6178682, at *1; 2020 WL 5577877, at *1. In

*Castillo*, the defendant pled guilty to one count of possession with intent to distribute methamphetamine and was sentenced to 137 months imprisonment. 2019 WL 6178682, at *1. As part of her plea agreement, Castillo waived her right to an appeal. 2020 WL 5577877, at *5. Shortly after sentencing, Castillo filed a 2255 motion, claiming ineffective assistance of counsel. Her argument, like Anderson's, was that her counsel failed to file an appeal after she directed him to do so. 2019 WL 6178682, at *1.

The Court held an evidentiary hearing, and found that, after Castillo's criminal sentencing hearing, Castillo had clearly communicated to her defense counsel a desire to appeal her sentence. 2020 WL 5577877, at *6. Accordingly, the Court vacated her judgment, appointed her new counsel, and re-entered a new judgment allowing her to appeal her sentence to the Ninth Circuit. *Id.* However, on appeal, the Ninth Circuit found that Castillo's original plea-agreement waiver of her right to appeal was controlling and dismissed the case without addressing the merits of her arguments. *United States of America v. Tyra Danyal Castillo*, 2021 WL 4690934 (9th Cir. Oct. 7, 2021).

In other words, under a mechanical application of *Sandoval-Lopez*, the district court was required to ignore Castillo's waiver, only to have the Ninth Circuit inform her after roughly thirty months, a full evidentiary hearing, appointment of counsel, and an appeal that the waiver was, in fact, binding.

Here, because Anderson knowingly and voluntarily waived his appeal rights, it appears to the Court that the ultimate dismissal of this case is a foregone conclusion. The only question yet to be resolved is whether dismissal comes from the district court now, or from the Ninth Circuit after thirty-plus months of wheel spinning. To invoke the poker

imagery from *Sandoval-Lopez*, by waiving his right to appeal, Anderson has folded. He cannot now request a new draw.

There is also something to be said regarding the fact that, even if Anderson *did* request an appeal following the Court's denial of his suppression motion, because his acceptance of the plea agreement (and its concomitant waiver) came *after* that request, the waiver can be understood as negating Anderson's prior request.

At any rate, because Anderson's claim that he requested an appeal has been thoroughly contradicted by an affidavit from his defense counsel, and because even if Anderson did request an appeal, his request was waived when he signed his plea agreement, the Court finds that, under *Espinoza*, it can conclusively determine Anderson's credibility on the basis of documentary testimony and evidence in the record. *See* 866 F.2d at 1069. Accordingly, an evidentiary hearing is unnecessary, and the Court can dismiss the claim without further ado. As in *Castillo*, the waiver of the right to appeal in the plea agreement and at the change of plea is valid and enforceable.

### B. Failure to Investigate

Finally, Anderson alleges that his counsel failed to investigate the ownership of the car Anderson was driving, the ownership of the gun found in the console, and the source of the receipt found in the safe. While a failure to investigate may be objectively unreasonable and prejudicial under *Strickland*, the Court reiterates that informed, strategic choices by counsel are "virtually unchallengeable" in light of the temptation to second-guess counsel's assistance after conviction. 466 U.S. at 689–90.

From Ackley's affidavit, it is clear he (Ackley) was fully aware the neither the gun nor the car belonged to Anderson. Dkt. 4-1, at 6–7. Ackley also testifies that he interviewed the registered owners of both the gun and the car. *Id.* While it is conceivable that testimonies from the registered owners of the gun and the car could provide some marginal benefit to Anderson's case, Ackley ultimately made the informed, strategic decision to forgo reliance on such testimonies out of the reasonable concern that they could negatively impact the case. *Id.* at 6. It is not the job of the Court to second-guess that decision.

Further, regarding the receipt found in the safe, Ackley testifies that he and his team spent significant time investigating where it came from and trying to come up with plausible factual scenarios to explain how it ended up in the safe. The fact that he ultimately could not do so is not indicative of a failure to investigate, nor does it qualify as objectively unreasonable and prejudicial behavior. The Court, therefore, dismisses this final claim of ineffective assistance of counsel.

In sum, Anderson's Motion is DENIED. The Court finds no objective or reasonable basis that would require it to vacate, set aside, or correct Anderson's sentence.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under section 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having reviewed the record, the Court finds that no reasonable jurist would dispute that the actions of Anderson's counsel fell within the "wide range of reasonable professional assistance" regarding Anderson's first and third claims. *See Strickland*, 466 U.S. at 689. The Court therefore denies a COA as to those issues.

Regarding Anderson's second claim, the Court finds that no reasonable jurist would dispute that Anderson had waived previous requests for an appeal nor that an appeal would be an exercise in futility. Accordingly, no reasonable jurist would find that an evidentiary hearing is necessary here. The Court, therefore, declines to issue a COA.

If Anderson wishes to proceed to the United States Court of Appeals for the Ninth Circuit on his claims, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id.* ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Anderson's conviction or sentence, or to conduct an evidentiary hearing on the same. Accordingly, his Motion is DENIED.

///

///

## VII. ORDER

The Court HEREBY ORDERS:

1.  Anderson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is DENIED.

2.  The Clerk of the Court shall file this order in Anderson's civil and criminal case.

DATED: December 14, 2023

David C. Nye
Chief U.S. District Court Judge